**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARCELO RENERIO AGUILAR PONCE,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03511-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 6, 2026, Petitioner Marcelo Renerio Aguilar Ponce filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges the lawfulness of his continued detention. (Id. at PageID 1.) Aguilar Ponce states that he first entered the United States in 2009, and has been present here since then. (Id. at PageID 2.) He has a wife and child in Jackson, Tennessee. (Id.) He is employed as a prep cook at Don Pancho restaurant. (Id.) He was apprehended by ICE on or about October 30, without having been admitted or paroled in the United States. (Id.) He is detained at the West Tennessee Detention Facility, and he seeks, among other things, immediate release. (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a

copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner shall file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE