**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MARCELO RENERIO AGUILAR-PONCE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | ) | No. 2:26-cv-03511-SHL-cgc |

**ORDER GRANTING PETITION**

On November 6, 2026, Petitioner Marcelo Renerio Aguilar-Ponce's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed. (ECF No. 1.) Petitioner challenges the legality and constitutionality of his immigration-related detention. (Id. at PageID 1.) He seeks release from Respondent's custody or, in the alternative, an individualized bond hearing. (Id. at PageID 6.) Respondent responded on November 13, contending that the Petition should be dismissed because Petitioner has not exhausted his administrative remedies. (ECF No. 7 at PageID 16.) Petitioner replied on November 17.[1] (ECF No. 8.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner.

**BACKGROUND**

Petitioner is a citizen of Honduras who entered the United States in 2009. (ECF No. 1 at

[1] Petitioner also filed an unopposed Motion to File an Overlength Reply and Supporting Memorandum. (ECF No. 8-1.) That Motion is **DENIED** because it is unnecessary for the resolution of the Petition.

PageID 2.) On or about October 30, Petitioner was taken into custody and detained at the West Tennessee Detention Facility. (Id.) He has a wife and child in Jackson, Tennessee. (Id.) He is employed as a prep cook at Don Pancho restaurant. (Id.) He seeks, among other things, immediate release. (Id. at PageID 6.)

## ANALYSIS

Respondent concedes that this case is governed by Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 7 at PageID 16.) Respondent maintains that Petitioner should be required to exhaust administrative remedies before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 18.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Here, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). ICE's decision to detain him absent important procedural protections violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that although

Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, to immediately release Petitioner, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 18th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE